USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**MEMO ENDORSED**

**LOVETT & GOULD, LLP**
Attorneys at Law
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

July 3, 2008

Via e-mail: karasnysdchambers@nysd.uscourts.gov

Hon. Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, N.Y. 10601

      Re: <u>41 North 73 West, Inc. v. County of Westchester</u>, 08 Civ. 4523 (KMK)

Dear Judge Karas:

      In accordance with Your Honor's Individual Rules of Practice I am submitting this correspondence to request a pre-motion conference with respect to an application for preliminary injunctive relief in connection with Plaintiff's First Amendment claim. Authorization to do so by e-mail was provided to me by "Mike".

      By way of background on January 30, 2006, Plaintiff leased from the County real property at the Westchester County Airport comprising *inter alia* Hanger E, Bay # 1. Subject to the right of first refusal to re-lease the premises and/or renew the lease in accordance with County policy, practice and custom, the otherwise termination date of that lease was to be March 31, 2010. At the time it entered into that lease agreement and continuing to date, Plaintiff to the County's actual knowledge has consistently been credit worthy and has enhanced the quality of the Airport's property and operations. Since entry into that lease agreement Plaintiff executed aircraft storage agreements with: Morgan Stanley (which has approximately 2,000 employees in the County), McGraw Hill, Met Life, and Ernst & Young.

      In November of 2006, in accordance with long-standing County practice, custom and policy Plaintiff expressed to the County its desire to negotiate a renewal and extension of its lease. After being advised by the County "now is a great time" to do so

Hon. Kenneth M. Karas
July 3, 2008
Page -2-

and at the County's request, Plaintiff had prepared and submitted to the County at a cost of approximately $100,000 a "Conceptual Design and Needs Analysis Report" (hereinafter "design report") that provided for architectural and engineering enhancements to the Airport's real property worth $5,700,000. In that connection Plaintiff was and continues to date to be, to the County's actual knowledge, willing and able to expend in excess of $6,000,000 in connection with its lease renewal/extension.

    Nine days thereafter and on January 31, 2007, the County's Director of Economic Development/Real Estate [Salvatore J. Carrera (hereinafter "Carrera")] advised Plaintiff in writing with respect to the design report:
> "As usual, it was very impressive and designed for the benefit of the County and [Plaintiff]].
>
> As you know, [Plaintiff] has an agreement until March 31, 2010[,] at which time it will be renewed, cancelled or subjected to an RFP.
>
> After careful consideration, we have decided not to move forward on your. . .proposal for a long term lease agreement, but will offer you the opportunity to submit your current proposal toward an RFT [sic.]that we want to entertain at this time.
>
> [Plaintiff]] if not successful in its bid for a long term lease, would have to vacate the premises upon the acceptance and execution of a lease agreement prior to the current expiration of of March 31, 2010."

    On July 18, 2007, Carrera reiterated to Plaintiff in writing that the County's "main objective is to find a tenant that will enhance the current airport facility and is credit worthy". In that connection he also advised that in the proposed new lease agreement, a copy of which was provided to Plaintiff by the County, there were "new business terms that the [County's] Board of Legislators and the [County's] Board of Acquisition and Contract must approve". That correspondence further set forth "mandatory items" for real property improvements to the premises and the required new business terms.

    Thereafter on September 11, 2007, Plaintiff advised the County in writing that "[e]ach and every one of the requirements itemized in [its July 18, 2007] correspondence is acceptable to [Plaintiff] and the tenant [Plaintiff] is further prepared to comply with all of the mandatory items contained in [the County's] list of 'Hangar E-1 Facility Improvements'".

    By letter dated October 16, 2007, Carrera notified Avitat that there were eight "interested parties that replied" to the County's advertisement and that:
> "After a careful and professional review of all the information, a recommendation will be forwarded to the [County's] administration and Airport Review Board for action. All terms and conditions must be

Hon. Kenneth M. Karas
July 3, 2008
Page -3-

>approved by the Board of Legislators and Board of Acquisition and Contract."

By "Complaint and Request for Investigation pursuant to 14 C.F.R. Part 16" dated October 19, 2007, and filed with the United States Department of Transportation, Federal Aviation Administration, Plaintiff expressed concerns that the County of Westchester was: i) engaging in "violations of its federal grant assurances under the Airport and Airway Improvement Act of 1982, as amended, 49 U.S.C. §§40101"; ii) engaging in a "systemic pattern of conduct that economically discriminates against Plaintiff and other similarly situated Full Service Aviation Fixed Base Operators [including] . . .improperly using PFC funds to subsidize Light General Aviation FBOs"; iii) violating "49 U.S.C. §§40117 and 47107 and AIP Grant Assurances 22 (Economic Nondiscrimination), 23 (Exclusive Rights) and 24 (Fee and Rental Structure)"; iv) providing a "sweetheart deal" with Light General Aircraft Fixed Base Operators; v) "economically discriminate[ing] against Plaintiff and other Jet FBOs at the Airport"; vi) and a plethora of other acts violative of federal and state law.

On December 27, 2007, the County served an answer to the FAA complaint as well as a motion to dismiss substantially grounded in dissembling. On January 14, 2008, Plaintiff served and filed with the FAA a reply in connection with the FAA complaint, which was recently dismissed. By letter dated April 11, 2008, Carrera and the Westchester County Commissioner of Transportation (Lawrence Salley), advised Plaintiff:

> "Your response to the County's Request for Proposals dated May 25, 2008 [*sic.*] was thoroughly reviewed and considered but the decision has been made to award to another proposer."

In its complaint in this law suit Plaintiff alleges *inter alia* that the refusal to renew and extend its lease was First Amendment retaliatory intended to punish Plaintiff for its FAA filing. In that connection Plaintiff seeks permission to move for a preliminary injunction precluding the Defendant from entering into a lease agreement with that other "proposer" until Plaintiff's First Amendment claim has been decided on the merits. For in the absence of an injunction such a lease, if entered into by the County with "another proposer", would further violate Plaintiff's rights as guaranteed by the First Amendment and cause Plaintiff irreparable financial damages.

Under the circumstances we request an expeditious pre-motion conference with the Court.

Respectfully,

Jonathan Lovett

JL:clp
Cc: Howard Miller, Esq., via e-mail: hmiller@bsk.com

*[Handwritten order:]* Defendant is to respond to this letter by July 11, 2008. The Court will hold a pre-motion conference on July 23, 2008 at 2:00 pm

SO ORDERED

KENNETH M. KARAS, U.S.D.J.
7/7/08